UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LYNN MARIE CHARLES,

                                                                          <u>DECISION AND ORDER</u>

                           Plaintiff,

                                                                         19-CV-0397L

                    v.

ANDREW SAUL,
Commissioner of Social Security,

                           Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On April 28, 2015 plaintiff applied for supplemental security income, alleging disability beginning April 1, 2013. (Dkt. #6-2 at 15).[1] Her application was initially denied. Plaintiff requested a hearing, which was held on August 11, 2017 via videoconference before Administrative Law Judge ("ALJ") Lisa B. Martin. *Id*. The ALJ issued an unfavorable decision on April 3, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6-2 at 15-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 29, 2019. (Dkt. #6-2 at 13). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings, and the Commissioner has cross moved for judgment dismissing the complaint, pursuant to Fed. R.

---

[1] References to page numbers in the Administrative Transcript utilize the record's internal Bates-stamped pagination.

Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion (Dkt. #9) is granted, the Commissioner's cross motion (Dkt. #12) is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I.     Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520.

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II.    The ALJ's Decision

Upon reviewing the record, the ALJ determined that the plaintiff had the following severe impairments, not meeting or equaling a listed impairment: cervical spine disorder, migraine headaches, obesity, hypertension, carpal tunnel syndrome, bipolar disorder, and anxiety disorder.

In applying the special technique to plaintiff's mental impairments, the ALJ determined that plaintiff has mild limitations in understanding, remembering, and applying information; moderate limitations in interacting with others; moderate limitations in concentration, persistence and pace; and mild limitations in adapting and managing herself.

The ALJ found that plaintiff was capable of performing light work, with the following limitations: requires the opportunity to change positions for 1-2 minutes every 30 minutes. Plaintiff is limited to no more than moderate noise in the work environment. She can no more than occasionally engage in postural activities, but can never climb ladders, ropes or scaffolds. She

must avoid all exposure to dangerous work hazards (e.g., unprotected heights and exposed moving machinery), as well as extreme temperatures and/or humidity. Plaintiff can frequently reach, handle and finger with her upper extremities. She can perform detailed, but not complex, work tasks, not requiring a fast assembly quota pace. She can no more than occasionally interact with supervisors, coworkers, and the public. Finally, plaintiff will be off task up to 5% of the workday due to her symptoms. (Dkt. #6-2 at 21).

When presented with this RFC determination at plaintiff's hearing, vocational expert William Cody testified that a hypothetical individual with this RFC could perform the representative light unskilled positions of sorter and packer. (Dkt. #6-2 at 27). The ALJ therefore found plaintiff not disabled.

### III.    Post-Hearing Evidence

Initially, plaintiff alleges that the ALJ and the Appeals Council erroneously overlooked – and in fact, inexplicably lost – material evidence that was submitted after the hearing, but prior to the ALJ's decision. Plaintiff contends that remand is necessary in order for plaintiff's claim of disability to be evaluated on a complete record.

In general, ALJs have an affirmative duty to develop the record, which arises from the Commissioner of Social Security's regulatory obligations to develop a complete medical record before making a disability determination, and applies even where plaintiff is represented by counsel. 20 C.F.R. §404.1512(b). The Appeals Council is required to review all evidence in the administrative record, as well as any additional evidence submitted thereafter that is new, material and relates to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. §416.1470(b); §416.1476(b)(1). *See generally Hollinsworth v. Colvin*, 2016 U.S. Dist. LEXIS 139154 at *10 (W.D.N.Y. 2016).

While it is not clear precisely when and how it occurred, the parties agree that at some point, a 191-page exhibit consisting of treatment records from Dent Neurologic (the "Dent Neurologic" records) went missing from the record. Tracking information confirmed the electronic filing of the Dent Neurologic records with the Social Security Administration on August 23, 2017 (a few weeks after plaintiff's hearing, but seven months prior to the ALJ's decision) and although they were among several exhibits filed by plaintiff after the hearing, they appear to have been the only such exhibit that was somehow omitted from the administrative record. As a result, the records were not considered by either the ALJ or Appeals Council. (Dkt. #9-2 at 1).

The Court "may remand for the purpose of ordering the Commissioner to take additional evidence into account, but only 'upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding . . .'" *Carter v. Colvin*, 2015 U.S. Dist. LEXIS 116180 at *25-*26 (E.D.N.Y. 2015) (quoting 42 U.S.C. § 405(g)). The Second Circuit has developed a three-part test for the inclusion of such evidence. A plaintiff must show: (1) that the proffered evidence is new and not merely cumulative of what is already in the record; (2) that the proffered evidence is material, that is, probative and relevant to the time period under review; and (3) good cause for her failure to present the evidence earlier. *See Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).

First, the Dent Neurologic records, which pertain to plaintiff's treatment for migraine headaches and syncope (fainting) between January 2014 and July 2017, are not cumulative. (Dkt. #9-3). While the record mentions plaintiff's treatment for these conditions and even contains additional copies of a brief section of the Dent Neurologic records that were submitted at a different time, the records at issue document plaintiff's symptoms and treatment in far greater depth and

4

detail, and for a longer period of time, than the existing portions of the record, and thus serve to fill a gap.[2]

Furthermore, under the unique circumstances of this case, plaintiff need not show good cause for failing to present the records earlier. Plaintiff made the ALJ aware that the Dent Neurologic records had been requested and were forthcoming prior to the hearing (Dkt. #6-2 at 31, Dkt. #6-6 at 235), and filed them electronically with the Social Security Administration a few weeks later. Their subsequent and mysterious absence from the record cannot be charged to plaintiff.

Furthermore, the Dent Neurologic records are highly probative. The ALJ found plaintiff's migraines to be a severe impairment, but concluded that: (1) the frequency and severity of plaintiff's headaches and syncope did not satisfy the requirements of Listing 11:02 (Epilepsy) (Dkt. #6-2 at 18-19); and (2) plaintiff's testimony that she experienced "10 syncopal episodes per month," and "migraine headaches approximately two to three days per week despite treatment" was undermined by normal findings on MRI, MRA and EEG tests, and plaintiff's self-reports in 2015 and 2016 that her migraines and syncopal episodes had improved. (Dkt. #6-2 at 21-23).

The ALJ acknowledged that plaintiff had complained of worsening symptoms in 2017, but reasoned that plaintiff's migraines and syncope had nonetheless been "accounted for" in the ALJ's RFC determination. The ALJ did not, however, specify the type or extent of the functional limitations attributable to plaintiff's migraine headaches or fainting episodes, or explain how the limitation(s) in the RFC were intended to compensate for them.

The Dent Neurologic records, among other things, document the ongoing efforts of plaintiff's treating neurologists, Dr. Lixin Zhang and Dr. Maurice Hourihane, as well as other

---

[2] The administrative record contains a brief and incomplete section of the Dent Neurologic records at issue, spanning only a three-month period. (Dkt. #6-7 at 244-285).

providers, to treat her neurologic symptoms and identify the cause of her ongoing syncope. As testing and treatment continued over a period of several years, their diagnosis shifted from vasovagal or neurocardiogenic syncope, to migraine-associated vertigo. Although the ALJ concluded that plaintiff had experienced "minimal fainting episodes" (Dkt. #6-2 at 23), the Dent Neurologic records suggest that plaintiff's fainting spells underwent lengthy periods of waxing and waning, and that periods of improvement were only temporary.

In January 2014, plaintiff reported she was fainting three times a day. In August 2015, she was fainting twice a day. By March 2016, she had improved to the point where she was fainting only three times per month. However, by 2017 plaintiff was complaining of a resurgence of seizure-like episodes and/or fainting occurring several times a day, with headaches, which allegedly resulted in multiple falls and at least three concussions. (Dkt. #9-3 at 12, 39-41, 55, 63, 74, 84, 89, 97, 107, 128, 156, 166, 167). Although "significant improvement" in plaintiff's migraine headaches was eventually noted after she underwent regular Botox injection therapy, such improvement was defined as experiencing "two headache days" per week, instead of daily headaches. (Dkt. #9-3 at 60).

Because obtaining a proper understanding of the extent and frequency of plaintiff's migraines and related syncopal episodes was essential to determining her RFC, consideration of the Dent Neurologic records by the ALJ and/or the Appeal Council could well have altered the Commissioner's ultimate finding as to disability. *See generally Hanes v. Commissioner*, 2012 U.S. Dist. LEXIS 131680 at *2 (E.D.N.Y. 2012) (remand is appropriate where "the Court is unable to conclude, under the particular circumstances of the case," whether the ALJ's decision was materially impacted by the failure to consider certain material evidence).

In short, because the Dent Neurologic records are material and relevant, and provide objective support for plaintiff's subjective complaints of disabling headaches and fainting that the ALJ declined to fully credit, remand for consideration of the severity, frequency and impact of plaintiff's migraine headaches and syncopal issues in general, and the Dent Neurologic evidence in particular, is appropriate.

Because I find that remand is otherwise warranted, I decline to reach the remainder of plaintiff's contentions. *See generally Siracuse v. Colvin*, 2016 U.S. Dist. LEXIS 34561 at *27 (W.D.N.Y. 2016).

## CONCLUSION

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied. Plaintiff's motion for judgment on the pleadings (Dkt. #9) is granted, and the matter is remanded for further proceedings consistent with this opinion, to include the rendering of a new decision based on consideration of the entire record, to include the Dent Neurologic records described above, in addition to any other subsequent medical records and evidence deemed material and relevant.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 29, 2020.